LINN, Circuit Judge,
dissenting.
The Court of Appeals for Veterans Claims (“Veterans’ Court”) refused to consider Jackson’s estoppel argument presented for the first time in his reply brief, holding that it had been waived.[1] Jackson v. Principi, No. 01-1975, slip op. at 3, 18 Vet.App. 535, 2004 WL (Vet.App. Apr. 16, 2004). I agree that this court has jurisdiction to hear Jackson’s appeal. However, I disagree with the conclusion reached by the majority that the Veterans’ Court correctly applied the waiver rule in this case. I therefore respectfully dissent.
Before the Board, Jackson argued that he was entitled to an earlier effective date of his prior award of compensation, claiming both the benefit of earlier claims to reopen and an earlier date of entitlement. The Board did not consider whether Jackson’s 1991 letter constituted an informal claim and did not determine whether that informal claim, if it existed, had been abandoned. Rather, the Board decided the case on the entitlement issue, remarking that “the effective date of an award of compensation based on a claim reopened after final disallowance will be the date of receipt of the claim or the date entitlement arose, whichever is later. ” In re Jackson, No. 99-23 875A, slip op. at 12 (Bd.Vet.App. Aug. 2, 2001). Specifically, the Board determined that “the veteran’s entitlement to service connection for schizophrenia arose no earlier than the date of this medical opinion which first links the veteran’s schizophrenia to his military service, that is, May 1, 1999.” Id. As to the 1991 letter, among other letters, the Board remarked that “even if such letters may be construed to be informal claims under 38 C.F.R. § 3.155, the fact remains that nexus opinion relating the veteran’s schizophrenia to his service was not received until May 1999.” Id. Thus, the Board did not consider whether the 1991 letter constituted an informal claim, nor did it consider whether such a claim had been abandoned. The Board’s decision was based on the date of entitlement.
As this court explained in Netword, LLC v. Centraal Corp., 242 F.3d 1347, 1356 (Fed.Cir.2001), “When a potentially material issue or argument in defense of the *651 judgment is raised for the first time in the appellee’s brief, fundamental fairness requires that the appellant be permitted to respond, lest the appellate court deem the point conceded.” The Board never ruled on the effect of the November 1991 letter as an informal claim, and Jackson had no reason to anticipate the abandonment argument, even when asserting the pendency of his 1991 claim. Thus, fundamental fairness requires that Jackson be permitted to respond to the new issue.
Because I would reverse the Veterans’ Court’s interpretation of the waiver rule to preclude consideration of the equitable es-toppel argument in this case, I would remand the case to the Veterans’ Court to consider Jackson’s equitable estoppel contention in the first instance. I express no view as to whether such an argument is tenable against the government or, if so, whether it has any application to the facts of this case.

. The majority reports that the Veterans’ Court both held this argument waived and rejected it on the merits. Ante at 649 & n. 1. I believe the court’s explicit statement that it "decline[d] to address” the point makes clear that the argument was not addressed on the merits, notwithstanding the citation to Morris. To the extent that the Veterans’ Court did in fact reach the argument on the merits, it would not be waived and would be before us for review.